White, J.
The question for determination on the trial of this case, was whether the lands described in the petition formed a part of the home-farm of the testator on which he resided at the date of his will. And it seems plain to us that this fact was sought to be ascertained upon an erroneous view of the law of the case.
The plaintiffs, without objection, gave evidence tending *537 -to show that the testator had received a large part of his means from the father of Grundo Taylor, and that, in consequence of such aid, the testator had said he intended to provide for and will his property to Grundo and his children.
To rebut this, the defendants were allowed, also without objection, to give in evidence the will of Grundo’s father; .and were also allowed to submit to the jury, as proper for their consideration, the fact of the illegitimacy of Grundo.
In the charge, the jury were told these were proper matters for their consideration in determining the issue.
It was said, in the charge, that the jury might refer to the testator’s declaration of intention, the circumstances surrounding him at the time of making the will, the property he had, how and when acquired, the objects of his bounty, his family and relations, and his relation to them, the value of the provision made for his widow by the law as compared with that made by the will, in order to ascertain the meaning of the words describing the land devised.
Such considerations can afford no legitimate aid in determining the extent or boundaries of a farm, which was the only question in issue.
In the admission of improper evidence on the part of the defendants, which operated only to rebut evidence improperly introduced by the plaintiffs, there was no error to the prejudice of the latter.
But the evidence of general reputation, which was admitted against the objection of the plaintiffs, that the whole body of land constituted the home-farm, or but one farm, was not of that character. And the question is, whether it was error to admit this evidence.
The operation of a will is to be determined by the language it contains. But, as in the case of deeds or other instruments, parol evidence is admissible to show what it is that corresponds with the description.
“ If the word Blackacre be used in a will, there must be evidence to show that the field in question is Blackacre. Where there is a devise of an estate purchased of A., or of a farm in the occupation of B., it must be shown by extrin *538 sic evidence what estate it was that A. purchased, • or what, farm was in the occupation of B., before it can be known, what was devised. So, whether parcel or not of the thing devised, is always matter of evidence. In these and similar cases, the instrument appears on the face of it to be' perfectly intelligible, and free from ambiguity, yet extrinsic evidence must, nevertheless, be received for the purpose' of showing what the instrument refers to.” Broom’s Legal Maxims, p. 550.
The premises in question are not devised by name, nor is this a case in which there are two or more subjects, either of which will equally answer the description in the will. The-descriptive words of the devise are, “ The whole of my home-farm where I now reside, as an estate in fee-simple.”
The testator admittedly had but one home-farm, and, as-already remarked, the only question was as to its extent or boundaries.
The fact sought to be proved that there were two farms,, was only material as showing the extent of the home-farm.
The extrinsic evidence must be pertinent and material to the fact to be found.
The situation of the land, the manner in which it had been used and treated, are proper subjects of inquiry. Such was-the character of the evidence in Doolittle et ux. v. Blakesley, 4 Day’s R. 265. But it seems clear to us that hearsay, or neighborhood reputation, cannot be resorted to.
The case of Anstee v. Nelms (1 Hurls. & Nor. 225) is, we think, distinguishable from the present. There the land devised was described as “in the parish of Doynton.” The parish was referred to by its name as one of the municipal subdivisions of the country; and it was held that the parish must be presumed to have been understood as including what was commonly reputed to be within' it.
But it is said the plaintiffs were not prejudiced by the evidence. Its tendency was to prejudice; and in the charge, the jury were directed that if they found that the 482 acres-had acquired among the neighbors a definite reputation as one farm, or as the testator’s home-farm, they must consider *539 such reputation in determining whether the testator used the-descriptive words of the devise in a sense in accordance with his own mode of dealing with the land, or in the neighborhood meaning.
The bill of exceptions does not profess to set out all the evidence ; nor all the facts which the evidence of the plaintiffs-tended to prove. If, therefore, improper evidence was allowed to be introduced by the defendants, which was calculated to mislead the jury to the prejudice of the plaintiffs,, there is no ground upon which we can say, as matter of law,, that no prejudice resulted.
The foregoing views render it unnecessary to consider the-objection of the defendant’s counsel, as to the form in which the exception was taken to the general charge.
It may be added, however, that the charge asked by the-plaintiffs’ counsel in regard to the effect to be given to the words “ home-farm,” and which was refused by the court,, was calculated, under the state of the evidence, to mislead-the jury.
Judgment reversed, and cause remanded for a new trial.
Scott, C.J., and "Welch-, Day, and MoIlvaine, JJ., concurred.